UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAY H.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C21-5589-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing certain medical evidence, his testimony, and a lay observation.[1] (Dkt. # 17 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1969, has a high school diploma and additional vocational training in the military, and has worked as a helicopter repairer and aircraft maintenance supervisor. AR

---

[1] Plaintiff also argues that these errors led to error in the ALJ's residual functional capacity ("RFC") assessment and step-five findings (dkt. # 17 at 17-18), but these derivative errors need not be addressed separately.

at 194, 3228. Plaintiff was last gainfully employed in July 2015. *Id.* at 194.

In August 2015, Plaintiff applied for benefits, alleging disability as of July 24, 2015. AR at 177-78. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 89-91, 93-96. After the ALJ conducted a hearing in October 2016 (*id*. at 35-69), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 18-30.

The Appeals Council denied Plaintiff's request for review (AR at 1-6), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further proceedings based on the parties' stipulation. *Id*. at 1016-24. The ALJ held another hearing on remand in December 2018 (*id*. at 897-933), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 863-96. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. *Id*. at 3324-36.

On remand, a different ALJ held a hearing in January 2021 (AR at 3239-89), and issued a decision finding Plaintiff not disabled. *Id*. at 3209-3230. Plaintiff now seeks judicial review of that decision.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.  DISCUSSION

### A.  The ALJ Did Not Err in Discounting Certain Medical Evidence

Plaintiff disputes several of the ALJ's findings with respect to the medical evidence, and the Court will consider each disputed opinion in turn.

#### 1.  *Legal Standards*[2]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

---

[2] Because the first application under the ALJ's consideration in the decision was filed before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions. The ALJ also consolidated a subsequent application. *See* AR at 3209.

1

2.    *Maria Wilder, ARNP*

2        Ms. Wilder completed a physical medical source statement in December 2018, describing

3    several disabling limitations. AR at 3202-05. The ALJ gave little weight to Ms. Wilder's

4    opinion, noting that she did not perform a musculoskeletal or neurological examination before

5    completing the form opinion. *Id*. at 3226. The ALJ also found Ms. Wilder's description of

6    significant physical limitations to be inconsistent with evidence showing that Plaintiff's

7    conditions improved with conservative treatment, as well as the many normal findings in the

8    longitudinal record. *Id*. The ALJ contrasted Ms. Wilder's opinion that Plaintiff required an

9    assistive device for walking with the contrary indications in the treatment record. *Id*. The ALJ

10   found Ms. Wilder's opinion regarding Plaintiff's significant manipulative limitations was

11   inconsistent with the record of conservative treatment for cervical and carpal tunnel conditions

12   and Plaintiff's normal manipulation on examination. *Id*. The ALJ noted that Ms. Wilder also

13   identified several mental limitations, but these limitations were inconsistent with Plaintiff's

14   normal concentration during examinations as well as inconsistent with the evidence showing that

15   he did not have any medically determinable mental impairments that would impact his ability to

16   deal with stress. *Id*. Finally, the ALJ found Ms. Wilder's opinion regarding Plaintiff's

17   absenteeism to be inconsistent with Plaintiff's ability to work despite his impairments until he

18   was laid off. *Id*. at 3226-27.

19       Plaintiff challenges the ALJ's reasons for discounting Ms. Wilder's opinion, arguing that

20   the record contains "voluminous" and "abundant" findings that would corroborate the limitations

21   she described, but Plaintiff fails to cite even a single treatment note to support this assertion.

22   (Dkt. # 17 at 5.) To the extent that Plaintiff's lengthy summary of medical evidence later in the

23   opening brief (dkt. # 17 at 9-13) is intended to supplement his argument regarding the support

for Ms. Wilder's opinion, he has provided at most an alternative interpretation of the record and has not directly challenged all of the ALJ's reasons for discounting Ms. Wilder's opinion. Under these circumstances, Plaintiff has not met his burden to show harmful legal error in the ALJ's assessment of Ms. Wilder's opinion.

3.      *Derek Leinenbach, M.D.*

Dr. Leinenbach performed a consultative examination of Plaintiff in February 2018 and wrote a narrative report describing his symptoms and limitations. AR at 1924-27. The ALJ gave partial weight to Dr. Leinenbach's conclusions, emphasizing that Dr. Leinenbach found that Plaintiff did not give full effort during the examination. *Id*. at 3225 (citing *id*. at 1925-26). The ALJ also found that more recent evidence led him to include additional restrictions in the RFC assessment. *Id*. at 3224-25.

Plaintiff argues that Dr. Leinenbach's findings corroborate his testimony (dkt. # 17 at 8-9), but this assertion, even assuming it is true, fails to identify an error in the ALJ's assessment of Dr. Leinenbach's opinion. The ALJ did not err in discounting Dr. Leinenbach's opinion due to Plaintiff's suboptimal effort on examination, especially because Dr. Leinenbach himself indicated (AR at 1926) that Plaintiff's lack of full effort rendered his testing unreliable. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Accordingly, the Court finds that Plaintiff has failed to meet his burden to show harmful legal error in the ALJ's assessment of Dr. Leinenbach's opinion.

4.      *Non-Examining Source Opinions*

Plaintiff challenges the ALJ's reliance on State agency opinions, arguing that these opinions are inconsistent with unspecified evidence, including updated records post-dating the State agency review. (Dkt. # 17 at 13.) The ALJ acknowledged that more recent evidence would

support including additional limitations beyond those identified by the State agency consultants, however. AR at 3224-3225. The Court finds Plaintiff has not met his burden to show harmful legal error in the ALJ's assessment of the State agency opinions.

Plaintiff also argues that the ALJ erred in relying on the hearing testimony of the medical expert ("ME") without acknowledging that the ME testified that Plaintiff's conditions can lead to pain that the ME was unable to quantify. (Dkt. # 17 at 13-14.) This is not exactly what the ME testified, however. The ME testified that based on his review of the objective record, he could provide a "best professional estimate" of Plaintiff's limitations. *See* AR at 3264. Plaintiff has not shown that the ALJ erred in assigning great weight to the ME's testimony, nor has Plaintiff acknowledged that the ALJ included additional limitations beyond those identified by the ME to account for Plaintiff's hearing testimony. *See id*. at 3227-28.

**B.    The ALJ Did Not Err in Discounting the VA Rating**

The ALJ noted that Plaintiff had been rated 100% disabled as of December 12, 2013, by the U.S. Department of Veterans Affairs ("VA") based on his obstructive sleep apnea, paralysis of median nerve, irritable colon, prostate gland condition, degenerative arthritis of the spine, limited motion of arm, limited motion of forearm, limited flexion of knee, limited extension of forearm, and limited motion of wrist. AR at 3228 (referencing *id*. at 339-47).

The ALJ emphasized that VA disability ratings are based on different criteria than used for determining eligibility for Social Security benefits, and thus being 100% disabled for purposes of the VA does not necessarily equate to disabled under the Commissioner's regulations. AR at 3228. The ALJ went on to explain that the medical evidence showed that Plaintiff's obstructive sleep apnea was controlled with CPAP therapy and did not cause any functional limitations, and that his other physical conditions were also managed effectively with

1   treatment and do not cause disabling limitations. *Id*. Lastly, the ALJ highlighted that Plaintiff

2   was able to work as a helicopter mechanic even with the conditions considered by the VA,

3   during the time that the VA considered Plaintiff 100% disabled. *Id*. For these reasons, the ALJ

4   gave little weight to the VA rating for purposes of evaluating Plaintiff's eligibility for Social

5   Security benefits. *Id*.

6        Plaintiff argues that the ALJ's assessment of the VA rating is erroneous because: (1) the

7   ALJ failed to address the opinions of the VA physicians that undergird the rating, and (2) none of

8   the ALJ's reasons to discount the VA rating are persuasive, as required in the Ninth Circuit. *See*

9   *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (explaining that an ALJ must

10  provide specific, persuasive, valid reasons, supported by the record, to discount a VA rating).

11       Neither of Plaintiff's arguments is convincing. The ALJ acknowledged the evidence

12  supporting the VA rating, including the questionnaires referenced in Plaintiff's opening brief.

13  (*See* dkt. # 17 at 6-7.) The ALJ noted that the questionnaires predate Plaintiff's alleged onset

14  date, which would be a valid reason to discount them. *See* AR at 3228 n.2; *Carmickle v. Comm'r*

15  *of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the

16  alleged onset of disability are of limited relevance.").

17       Furthermore, those questionnaires were completed while Plaintiff was working, which

18  relates to the ALJ's most persuasive reason to discount the VA rating. The ALJ reasonably found

19  that because the VA ratings were based on impairments that did not prevent Plaintiff from

20  working, and because the VA applied its disability rating to a time period when Plaintiff was

21  working prior to being laid off, the VA rating was not probative to the ALJ's inquiry, which is

22  whether Plaintiff's impairments would prevent him from working. Although Plaintiff baldly

23  asserts that his prior work as a helicopter mechanic "does not contradict the VA rating" (dkt.

# 17 at 7), he does not acknowledge the fact that the VA found Plaintiff 100% disabled as of December 13, 2013, and Plaintiff did not get laid off until July 2015. The disconnect between the VA rating and Plaintiff's demonstrated ability to work is a specific, persuasive, valid reason to discount the VA rating.

### C.    The ALJ Did Not Err in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and explained that he discounted them because: (1) Plaintiff's conditions improved with treatment, including surgery on his right shoulder, medications, splints, and a TENS unit; (2) the treatment record contains many normal findings as to gait (without an assistive device), strength, sensation, reflexes, balance, and manipulation; (3) Plaintiff's allegation of an inability to work is inconsistent with his ability to work until he was laid off, with the conditions that he now claims are disabling, and he collected unemployment benefits after his alleged onset date; (4) Plaintiff gave suboptimal effort during an examination and exhibited pain behaviors; and (5) Plaintiff made several inconsistent statements about the extent of his symptoms and limitations. AR at 3215-24. Absent evidence of malingering, an ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff first contends that errors related to the medical evidence tainted the ALJ's assessment of Plaintiff's testimony (dkt. # 17 at 14), but, as explained *supra*, the Court finds no error in the ALJ's assessment of the medical evidence. Although Plaintiff also contends that the ALJ simply summarized medical evidence (*id.*), the Court disagrees. The ALJ did summarize medical evidence (AR at 3215-21), but then subsequently identified specific reasons to discount Plaintiff's allegations (*id.* at 3221-24). Plaintiff has not shown that the ALJ erred in including a summary of the medical evidence in the decision.

Next, Plaintiff contends that the ALJ could not discount his testimony based solely on the lack of objective corroboration. (Dkt. # 17 at 15.) That may be true, but the ALJ provided other reasons, as listed *supra*, and thus did not solely rely on lack of corroboration.

Plaintiff goes on to argue that even if his shoulder symptoms improved after his surgery, the ALJ should not have discounted his allegations of shoulder limitations before his surgery. (Dkt. # 17 at 15.) But the fact that a claimant's symptoms can be resolved with treatment is reasonably inconsistent with an allegation of disability. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

Plaintiff also challenges the ALJ's reasoning with regard to his work history and receipt of unemployment. (Dkt. # 17 at 15.) Although Plaintiff states in conclusory fashion that the fact that Plaintiff stopped working because he was laid off, and subsequently collected unemployment benefits, is not a convincing reason to discount his allegation of disability, this statement is inconsistent both with the definition of disability as well as Ninth Circuit authority. *See* Social Security Ruling 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work."); *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Continued receipt of unemployment benefits does cast doubt on a claim for disability, as it shows an applicant holds himself out as capable of working."); *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988) ("Furthermore, substantial evidence indicated that the condition of Gregory's back had remained constant for a number of years and that her back problems had not prevented her from working over that time."). Plaintiff has thus not shown that the ALJ erred in

1  finding that his work history and subsequent receipt of unemployment benefits undermined his

2  allegation of disability.

3          Plaintiff also questions whether the evidence of his poor effort on examination and pain

4  behavior undermine his allegation of disability, because a person "experiencing severe pain can

5  reasonably be expected to exhibit pain behavior and suboptimal effort during testing[.]" (Dkt.

6  # 17 at 15.) That may be one interpretation of the record, but Plaintiff has not shown that the

7  ALJ's interpretation is unreasonable as to the evidence of Plaintiff's less than full effort during

8  an examination. Dr. Leinenbach himself indicated that Plaintiff's fail to give full effort hindered

9  his ability to reliably test Plaintiff's capabilities (AR at 1926), and the ALJ did not err in finding

10 that this undermined Plaintiff's allegations. *Thomas*, 278 F.3d at 959 (finding that a claimant's

11 "efforts to impede accurate testing of her limitations supports the ALJ's determinations as to her

12 lack of credibility").

13         Plaintiff next contends that none of the specific inconsistencies identified by the ALJ

14 constitute convincing reasons to discount his allegations. (Dkt. # 17 at 15-16.) But the ALJ

15 identified specific internal inconsistencies between Plaintiff's statements that reasonably cast

16 doubt on the reliability of Plaintiff's allegations. For example, the ALJ noted that Plaintiff

17 testified at the 2016 hearing that his provider recommended against carpal tunnel release surgery,

18 but that the record showed that Plaintiff's provider actually recommended surgery and Plaintiff

19 did not follow through with that recommendation. AR at 3223. Plaintiff claims that his

20 unwillingness to undergo surgery does not undermine his testimony about the impact of his

21 carpal tunnel syndrome symptoms (dkt. # 17 at 15-16), but this misses the ALJ's point. The ALJ

22 highlighted the contrast between Plaintiff's hearing testimony and the record as an example of

23 inaccuracies in Plaintiff's testimony, and Plaintiff has not acknowledged that inconsistency or

shown that the ALJ erred in finding that an inconsistency in Plaintiff's reporting undermines his testimony. *See* SSR 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017) (indicating that ALJs may "consider the consistency of the [claimant's] own statements" in evaluating the claimant's testimony).

Lastly, Plaintiff argues that the ALJ failed to identify any meaningful inconsistencies between his testimony and his activities. (Dkt. # 17 at 16.) Even if Plaintiff is correct that some or all of the inconsistencies are not meaningful, any error would be harmless in light of the ALJ's multiple other valid reasons to discount Plaintiff's testimony. *See Carmickle*, 522 F.3d at 1162-63. Accordingly, the Court finds that Plaintiff has not failed to meet his burden to show harmful legal error in the ALJ's assessment of his testimony.

**D.       The ALJ Did Not Harmfully Err in Failing to Address a Lay Observation**

Agency personnel observed that, during a September 2015 interview at the field office, Plaintiff had difficulty with standing, sitting, and walking, and specifically "had a hard time sitting down and getting up." AR at 206.

The ALJ did not explicitly discuss this observation, and Plaintiff alleges that the ALJ thereby erred. But the ALJ's RFC assessment includes sitting and standing restrictions (AR at 5214), and therefore the field office observation is not necessarily inconsistent with the ALJ's decision. Because Plaintiff has failed to show that he was prejudiced by the ALJ's failure to discuss the agency personnel observation, any error in the ALJ's failure to discuss this piece of evidence is harmless.

## V.       CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 8th day of April, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge